UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Pearlie L. Ingram,   #85864-071, | ) C/A No. 3:08-2062-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Deutsche Bank National Trust Co., | ) |
| Defendant. | ) |

This is a civil action filed by a *pro se* litigant who is currently confined in a federal prison. The plaintiff paid the filing fee of three hundred fifty dollars ($350). *See* Receipt No. SCX300024116 (D.S.C., June 2, 2008). In an order filed in this case on June 2, 2008, the Honorable Cameron McGowan Currie, United States District Judge, denied the plaintiff's motion for a temporary restraining order and referred the above-captioned case to the undersigned magistrate judge for further pre-trial proceedings.

In an order (Entry No. 9) filed in this case on June 6, 2008, the undersigned directed the Clerk of Court to issue the summons and apprised the plaintiff that he was responsible for service of process. On the same day, the Office of the Clerk of Court mailed a copy of the order and the service papers to the plaintiff. No activity took place in this case since the order of June 6, 2008, when service papers were mailed to the plaintiff and November 4, 2008.

1

In an order filed in this case on November 4, 2008, the undersigned directed the plaintiff to provide proof of service of process. On November 19, 2008, the plaintiff submitted an affidavit of service and included a copy of a United States Postal Service return receipt form (green post card) showing that "ASC/WELLS FARGO" was served by mail on June 3, 2008. The defendant in this case is Deutsche Bank National Trust Co., not ASC/WELLS FARGO. Under Rule 4(m), the plaintiff was required to have served the summons and complaint upon the defendant by October 30, 2008.

Since the return receipt form submitted by the plaintiff on November 19, 2008, does not provide proof of service, the undersigned, in an order filed on December 2, 2008, directed the plaintiff to provide proof of service within fifteen days. In the order, the undersigned apprised the plaintiff that if he did not provide proof of service, the undersigned may recommend dismissal of this case for failure of service. The plaintiff has not responded to the order of December 2, 2008.

Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendant is not served within 120 days. *See*, *e.g.*, *Mendez v. Elliott*, 45 F.3d 75, 78-80 (4th Cir. 1995) (collecting cases);[*] *Epstein v. White*, 1991 U.S.Dist. LEXIS 14888, 1991 WL 214152

---

[*]Other courts were not kindly disposed to the holding in *Mendez v. Elliott*. In *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999) ("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of *Mendez* is seriously in doubt."), the district court concluded that *Mendez v. Elliott* was superannuated by *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996), and that the United
(continued...)

(N.D. Ill., Oct. 18, 1991), *reconsideration denied*, *Epstein v. Frye*, 1992 U.S.Dist. LEXIS 13574, 1992 WL 225566 (N.D. Ill., Sept. 8, 1992); and *cf. Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991).

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* under Fed. R. Civ. P. 4(m) for failure of service of process.

January 26, 2009　　　　　　　　　　　　　Joseph R. McCrorey
Columbia, South Carolina　　　　　　　　United States Magistrate Judge

---

(...continued)
States Court of Appeals for the Fourth Circuit, if given the chance, would overrule *Mendez v. Elliott*. *See also AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.*, 197 F.R.D. 104 (S.D.N.Y. 2000); and *Melton v. TYCO Valves & Controls, Inc.*, 211 F.R.D. 288, 289-90 (D. Md. 2002) ("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527."). Even if *Mendez* is superannuated, more than two and one-half additional months have passed since the deadline for service of process (October 30, 2008) and two orders directing the plaintiff to provide proof of service have been issued.

3

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).